UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY J. BRODZKI,<br><br>  Plaintiff,<br><br>v.<br><br>TARRANT COUNTY DISTRICT ATTORNEY,<br><br>  Defendants. | 2:12-cv-00041-RCJ-RJJ<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>DISMISSAL OF CASE FOR LACK OF JURISDICTION |

## BACKGROUND

On January 10, 2012, Plaintiff Brodzki filed a claim against the Tarrant County District Attorney. Plaintiff claims that the United States District Court for the District of Nevada has jurisdiction on the basis of diversity. Plaintiff indicates that he is a citizen of a different state, listing an address in North Richland Hills, Texas. Plaintiff also indicates that Defendant is a citizen of Nevada. However, Plaintiff has listed Defendant's address as Fort Worth, Texas. Furthermore, Defendant is the Tarrant County District Attorney. Tarrant County is the county in Texas in where Fort Worth is situated. It is clear that Defendant is, in fact, a citizen of Texas. It is unclear why Plaintiff asserts that Defendant is a Nevada resident.

## DISCUSSION

It is well-established that federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stockwest, Inc. v. Confederate Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3). "Without

jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining in every federal case [is] that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869).

"[I]t is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted). Federal courts are afforded subject matter jurisdiction where there is diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no diversity of citizenship in this case, therefore Plaintiff has failed to establish that federal jurisdiction exists.[1]

Because there is no basis for jurisdiction, the Court finds that the case should be dismissed.

### RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff Brodzki's claim be **DISMISSED.**

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the

---

[1] Although it is unnecessary for the purpose of dismissal, the Court also notes that, even if it did have jurisdiction, the District of Nevada would still not be the proper venue for this case. In federal civil actions, venue only exists in (1) the district where any defendant resides, if all defendants are residents of the state in which the district is located; (2) the district where a substantial part of the events giving rise to the claim occurred; or (3) the district in which any defendant is subject to personal jurisdiction if there is no district in which the claim can otherwise be brought. 28 U.S.C. § 1391. No basis for venue in the District of Nevada is found.

specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this  9th  day of May, 2012.

ROBERT J. JOHNSTON
United States Magistrate Judge