UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY J. BRODZKI, | ) | |
| Plaintiff, | ) ) | |
| | ) | 2:12-cv-00041-RCJ-RJJ |
| vs. | ) ) | |
| TARRANT COUNTY DISTRICT ATTORNEY, | ) ) | **ORDER** |
| Defendant. | ) ) | |

Plaintiff has sued a district attorney in another state for allegedly permitting others to torture him electronically. The magistrate judge recommended dismissal, and the Court additionally ordered Plaintiff to show cause why he should not be subject to a pre-filing order in this District. Plaintiff responded but failed to appear at the hearing.

I.     **FACTS AND PROCEDURAL HISTORY**

    A.     **The Present Case**

Plaintiff has sued the Tarrant County, Texas District Attorney for "letting horrible things happen" to him. He alleges he is being tortured by assailants he does not identify and notes that he "was almost killed by electrical discharge." The magistrate judge has recommended dismissal for lack of jurisdiction. Plaintiff has not responded directly to the report and recommendation, and the Court will therefore adopt it and dismiss the case. However, the Court will also enter the present pre-filing order.

**B.    Other Cases Brought by Plaintiff in This District**

Plaintiff has brought seventeen other cases in this District within the past two years, mainly targeting public officials and various governments, and this is the gravamen of the present order. The Court hereby takes judicial notice of its docket and incorporates the records of those cases, as detailed below, into the present record by reference.

First, in Case No. 2:10-cv-1091, Brodzki sued the Clark County Regional Justice Center and the Clark County District Attorney David Roger for allegedly torturing him in Las Vegas using a "neurophonic" machine that Brodzki compares to other supposed equipment that he calls "ambient equipment" and the "holocaust system." The Hon. Lloyd D. George waived the filing fee and dismissed the pro se complaint as frivolous upon screening, noting that the allegations were "wholly within the realm of fantasy." The Court of Appeals summarily affirmed because the questions raised were insubstantial.

Second, in Case No. 2:10-cv-2051, Brodzki sued Sheriff Gillespie and the Las Vegas Metropolitan Police Department ("Metro") based upon his alleged rape by law enforcement personnel in Chicago in 1968 and that upon his move to Las Vegas, Sheriff Gillespie began a campaign to eject him from his condominium using electronic equipment. On May 4, 2011, the magistrate judge recommended dismissing the amended complaint because the allegations were "fantastic, delusional, and irrational," but the district judge has not yet ruled.

Third, in Case No. 2:11-cv-697, Brodzki sued Dr. George Westerman for hanging up the telephone on him. The magistrate judge recommended granting the motion to proceed in forma pauperis and dismissing with prejudice. The district court accepted the recommendation.

Fourth, in Case No. 2:11-cv-1489, Brodzki sued the City of Las Vegas based upon allegations that Metro personnel were burning and torturing him so that he would have to leave his condominium and so that he would admit he was an "undocumented felon." The magistrate

judge has recommended dismissing the complaint as fantastic and delusional, but the district judge has not yet ruled.

Fifth, in Case No. 2:11-cv-1655, Brodzki sued the City of Chicago for allegedly invading his privacy with electronic equipment. The district court dismissed, with leave to amend, and Brodzki filed an amended complaint alleging that the Chicago police are still harassing him, though he now lives in Texas. He alleges that he is being harassed by the Chicago police for failing to sign a confession for something that happened thirty years ago that he did not do. He alleges first, fourth, fifth, and fourteenth amendment violations, but the allegations are not very clear. The district court has denied three subsequent motions for temporary restraining orders. The case remains pending.

Sixth, in Case No. 2:11-cv-1851, Brodki sued Station Casinos and Bill Young for assault, battery, and constitutional torts. The district court dismissed, with leave to amend, and Plaintiff filed an amended complaint alleging that the assault and battery consisted of saying "bad words" over the public address system such as "Brodski is a Chicago criminal," or "Brodski is not welcome here." Security guards would repeat this to him and otherwise harass or laugh at him. The district court has denied his multiple motions for summary judgment and temporary restraining orders. The case remains open, but the allegations appear delusional.

Seventh, in Case No. 2:11-cv-1852, Brodzki sued Cook County, Illinois for harassing him with electronic equipment. The allegations are very similar to those in Case No. 2:10-cv-1091, which Judge George dismissed for being based upon fantasy. The magistrate judge recommended dismissal because the allegations were incomprehensible and delusional, and the Court adopted the recommendation. The Court of appeals summarily affirmed because "the questions raised in this appeal are so insubstantial as not to require further argument."

Eighth, in Case No. 2:11-cv-1852, Brodzki again sued the City of Las Vegas based upon allegations that the Sheriff and Metro personnel had waterboarded him and tortured him with

"disorientation equipment." The magistrate judge recommended dismissal, because the allegations were fantastic, delusional, and irrational, and the district court accepted the recommendation. The Court of Appeals summarily affirmed.

Ninth, in Case No. 2:11-cv-2060, Brodzki sued Jimmy Jacks and the United States of America under *Bivens* for permitting "electronic batteries" and invasion of privacy. He also alleges that Jimmy Jacks is fully aware that a person masquerading as a janitor in Wisconsin, but who is possibly a U.S. Attorney, had sex with some male persons who had "phony female parts." The complaint also includes other incomprehensible allegations. The district judge has denied four successive motions for temporary restraining orders and has barred Plaintiff from filing any further motions for injunctive relief without leave. Plaintiff has filed an amended complaint, and the magistrate judge has recommended dismissal with prejudice.

Tenth, in Case No. 2:11-cv-2075, Brodzki sued "City of Las Vegas-Metro" for using "disorientation equipment" against him and allegedly posting a picture on his door of him being raped as a child by a Chicago police officer in 1968. The magistrate judge recommended dismissing the case because the allegations were fantastic and delusional, and the district court adopted the recommendation.

Eleventh, in Case No. 2:12-cv-40, Brodzki sued the Tarrant County (Texas) Sheriff for refusing to assist him in preventing other law enforcement agencies from harassing him with electronic equipment. The district court dismissed without prejudice, and Plaintiff filed an amended complaint alleging essentially the same things, but more specifically alleging his torture by the Chicago and Las Vegas authorities. The district court has adopted the magistrate judge's recommendation to dismiss the case for lack of subject matter jurisdiction, or, alternatively, as fantastic and delusional.

Twelfth, in Case No. 2:12-cv-104, Brodzki again sued Cook County, Illinois based upon the same delusions of electronic harassment and torture. The magistrate judge has recommended

dismissing the case because the allegations are fantastic and delusional.

Thirteenth, in Case No. 3:11-cv-206, Brodzki sued the State of Nevada because the state patrol had "impeded" him, forced him to leave the state, and had accused him of being an "undocumented pedophile" based upon his alleged public indecency as a seventeen-year-old, which Plaintiff denies occurred. The magistrate judge recommended the complaint be dismissed as frivolous, and the district judge adopted the recommendation.

Fourteenth, in Case No. 2:11-cv-1041, Brodzki again sued Sheriff Gillespie, alleging that Metro continues to harass him electronically and refuses to stop unless he admits to having taken a picture of another person's penis when Brodzki was seventeen. The magistrate judge scheduled a status hearing and granted Plaintiff permission to attend telephonically. Plaintiff called at the appointed time but refused to participate in the hearing. The magistrate judge therefore recommended dismissal for failure to prosecute, and the district judge adopted the recommendation.

Fifteenth, in Case No. 2:11-cv-2101, Brodzki sued the City of North Richland Hills based upon the same delusional allegations as the other complaints. Plaintiff filed nine miscellaneous pleadings, including three motions for temporary restraining orders, which the Court denied. The magistrate judge recommended dismissal because the allegations were fantastic and delusional, and the Court adopted the recommendation.

Sixteenth, in Case No. 2:12-cv-33, Brodzki again sued Cook County, Illinois, alleging that a coworker in the forest preserve where he formerly worked had sexually harassed him. The magistrate judge recommended dismissal with prejudice because the allegations were fantastic and delusional, and the district court adopted the recommendation. In the dismissal order, the Hon. Gloria M. Navarro noted that Plaintiff had filed three complaints against Cook County in this District and seventeen complaints total since July 2010. She also noted that a judge of the U.S. District Court for the District of Delaware had dismissed one of his complaints for frivolity

upon screening, and that the District of Delaware court had noted that Plaintiff had filed over seventy cases between 2009 and April 5, 2011, and that the U.S. District Court for the Northern District of Texas had sanctioned him for filing multiple frivolous lawsuits.[1]

Seventeenth, in Case No. 2:12-cv-320, Brodzki sued the "City of Nevada." The allegations are incomprehensible but refer generally to the same alleged culprits and practices. The district court dismissed for failure to state a claim.

## II.     LEGAL STANDARDS

The Ninth Circuit has discussed at length the standards for entering a vexations litigant order requiring such a litigant to comply with certain pre-filing requirements:

> The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances.
>
> Nevertheless, flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Thus, in *De Long*, we outlined four factors for district courts to examine before entering pre-filing orders.

---

[1] The federal reports contain approximately sixty (60) cases brought by Plaintiff in federal district courts throughout the nation against various governmental agencies and individuals, including six federal appellate cases. In a recent reported case, the U.S. District Court for the District of Delaware dismissed as delusional a case by Plaintiff against the Fox Broadcasting Company based on allegations that Fox football commentators Jimmy Johnson, Howie Long, Terry Bradshaw, and Michael Strahan had accused him on the air of having taken a picture of a young boy's penis. *See Brodzki v. Fox Broad. Co.*--- F. Supp. 2d ----, 2012 WL 2368524 (D. Del. 2012). The Third Circuit affirmed, *see Brodzki v. Fox Broad.*, 464 Fed. Appx. 43 (3rd Cir. 2012), and also affirmed the dismissal of a case Plaintiff had brought against CBS based on allegations that football commentator Dan Marino had made similar allegations on the air, *see Brodzki v. CBS Corp.*, 464 Fed. Appx. 44 (3rd Cir. 2012). The Third Circuit has also affirmed the dismissal of a case where Plaintiff accused the general manager of the Chicago Cubs and a WGN sportscaster of slandering him on the air. *See Brodzki v. Tribune Co.*, 2012 WL 1592979 (3rd Cir. May 8, 2012). The Tenth Circuit affirmed a dismissal where Plaintiff had neither specified the alleged defamatory comments nor identified the speaker. *See Brodzki v. Clear Channel Commc'ns*, 459 Fed. Appx. 717 (10th Cir. 2012).

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citations and internal quotation marks omitted).

### III.   ANALYSIS

First, the Court has afforded Plaintiff notice and opportunity to be heard. Plaintiff has responded to the Court's order to show cause but failed to attend the hearing, even telephonically. Plaintiff mainly argues in his written objection that the Court refuses to turn off "disorientation equipment" and pleads with the Court to turn it off. He alleges that in a February 23, 2012 telephonic hearing relating to Case No. 2:11-cv-2060, Magistrate Judge Johnston (to whom Plaintiff refers as "bobby Johnson" (sic)) admitted the existence of such equipment and demonstrated its use. The recording of the hearing indicates that Magistrate Judge Johnston questioned Mr. Brodzki as to his financial situation, and also about the substance of the Complaint, during a telephonic hearing on that date concerning his motion to proceed *in forma pauperis*. Mr. Brodzki noted that he had been unemployed since 2010 when he worked for the U.S. Census Bureau, and that he lived with his brother in Texas and paid him $300 per month in rent (on credit). He was indebted to his brother in the amount of $8800. Plaintiff maintained a calm demeanor and spoke in clear, grammatical sentences during the hearing, but the substance of his allegations were incomprehensible and delusional. He alleged harassment and torture by the U.S. Attorney in Las Vegas, that the U.S. Attorney would continue to "make [him] sick" if he did not "sign in," that the U.S. Attorney had somehow interfered with his condominium, etc. He noted that his grievance was against an Assistant U.S. Attorney in Texas named Amber Rogers (phonetic) and Jimmy Jacks, her supervisor. Magistrate Judge Johnston noted that the Complaint was deficient as against any defendant. He warned Plaintiff not to file an

incomprehensible pleading, but to put any complaint into the proper form of a complaint, and he gave Plaintiff leave to amend.  There was no evidence of "disorientation equipment" or any talk of such equipment during the hearing.  The Court concludes that Plaintiff's objection to the show cause order is delusional, as his complaints have been.  After reviewing the recording of the hearing, it is clear that Plaintiff either heard imaginary voices that he took to be discussion by the magistrate judge of "disorientation equipment," or he has willfully fabricated that aspect of the hearing.  Ultimately Plaintiff argues that he will stop filing more cases if the Court turns off the "disorientation equipment."  The Court notes that no such equipment exists to its knowledge.  The Court is certainly not using any such equipment.  The Court concludes that Plaintiff will not cease filing frivolous actions in this District if he is not further restricted via pre-filing order.

Second, the record upon which the Court bases the present order is recounted in Part I, *supra*.

Third, the Court makes the following substantive findings regarding the frivolous and harassing nature of Plaintiff's litigation.  Plaintiff has filed no fewer than eighteen frivolous complaints in this District arising out of the same or similar delusional scenarios since July 2010.  Some of the cases, in addition to being fantastical, have lacked subject matter jurisdiction or been precluded by earlier dismissed cases.  The Court finds that each of these cases has been borne primarily out of Plaintiff's delusions concerning "disorientation equipment."  The Court notes that this District is in a judicial emergency and can little afford to spend its time addressing piles of frivolous cases.  Although it is possible that Plaintiff may in the future have a meritorious, or at least non-frivolous, case to file unrelated to the delusions underlying the cases recounted in this order, the Court will not permit Plaintiff to monopolize the time of the judges of this District with dozens of frivolous cases in the chance that he may someday file a non-frivolous one.

Fourth, the Court will therefore order the Clerk to accept no more new pro se complaints

1  from Plaintiff until further notice, including those attached to a motion to proceed *in forma*
2  *pauperis*.  Until further notice, Plaintiff may only file a case in this District after obtaining
3  permission from the Chief Judge or if filed through admitted counsel.  The Court finds that this
4  imposition upon Plaintiff's right of access to the courts is the least restrictive alternative
5  available to the Court to prevent the specific abuses of the legal system by this Plaintiff, i.e., his
6  repeated filing of redundant, delusional complaints that require at a minimum the time of a
7  magistrate judge for screening, and then the attention of a district judge with respect to a report
8  and recommendation.  Because Plaintiff routinely qualifies for *in forma pauperis* status, filing
9  fees have been and will be no deterrent to his frivolous filings.  It is not even clear the imposition
10 of filing fees would be a deterrent.  Given Plaintiff's litigiousness, he may very well manage to
11 find a source of income with which to continue to file frivolous complaints.  Although the
12 screening statute limits the burden on a court, it still requires a significant amount of a court's
13 undue attention when a litigant files dozens of substantially similar frivolous complaints.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 2) is ADOPTED and the case is DISMISSED.

IT IS FURTHER ORDERED that until further notice, the Clerk shall accept no more new pro se complaints from Plaintiff, whether or not attached to a motion to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated this 23rd day of July, 2012.

_____
ROBERT C. JONES
United States District Judge